**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **HOWARD J. REUBEN,** | ) | |
| **Plaintiff,** | ) | **2:10-cv-01617 JWS** |
| **vs.** | ) | **ORDER AND OPINION** |
| **TERRY GODDARD, *et al.*,** | ) | **[Re: Motions at Docket 10, 11, 12, 16, and 28]** |
| **Defendants.** | ) | |

## I. MOTIONS PRESENTED

At docket 10, defendants Terry Goddard ("Goddard"), Lisa Wynn ("Wynn"), Kenyada Corley ("Corley"), Celina Shepherd ("Shepherd"), and Kathleen Coffer ("Coffer"; collectively "defendants") move pursuant to Federal Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiff Howard J. Reuben ("Dr. Reuben") opposes the motion at docket 20. No reply was filed.

At docket 11, defendant Arizona Medical Board ("the Board") moves to dismiss the claims against it because it is not a sueable entity. The court will construe that motion as made pursuant to Federal Rule 12(b)(6). Dr. Reuben opposes the motion at docket 20.

At docket 12, defendants Goddard, Wynn, Corley, Shepherd, and Coffer move to dismiss the complaint for failure to comply with Arizona Revised Statute § 12-821.01. The court will construe that motion as made pursuant to Federal Rule 12(b)(6). Dr. Reuben opposes the motion at docket 20.

At docket 16, Dr. Reuben moves pursuant to Federal Rule 41 to dismiss the claims against defendant Corley. The motion is unopposed.

At docket 28, defendants David Greenberg ("Greenberg") and Michael Sucher ("Sucher") move pursuant to Federal Rule 12(b)(6) to dismiss the complaint for failure to state a claim. Plaintiff opposes the motion at docket 33. Defendants' reply is at docket 34.

Oral argument was not requested as to any motion and would not assist the court.

## II. BACKGROUND

Dr. Reuben is a medical doctor. On January 6, 2010, Dr. Reuben received a letter from Corley, the Board's Legal Coordinator, informing him that a case had been opened "based on [a] complaint alleging [that Dr. Reuben] demonstrated mental health issues."[1] On the same day, the Board ordered that Dr. Reuben undergo psychiatric assessment at the offices of Greenberg and Sucher. At some point prior to January 6, Coffer, herself a medical doctor, had opined that based on the allegations a psychiatric assessment would be appropriate.[2] On January 8, Dr. Reuben met with Corley and

---

[1]Doc. 1-1 at 2.

[2]*See id.* at 3.

Wynn, the Executive Director of the Arizona Medical Board, and requested a copy of the complaint letter. Wynn refused to provide a copy. On January 12, Dr. Reuben received a letter from Wynn explaining that the Board had received information that he had "made threatening remarks against a third party."[3] Dr. Reuben contends that the allegation was fabricated.

Dr. Reuben wrote three letters to Wynn, only days apart, explaining the abusiveness and impropriety of the Board's conduct. When Dr. Reuben did not receive a response, he began sending letters to Arizona Attorney General Goddard. The letters described the purported illegality of the Board's actions and indicated that Dr. Reuben was aware of "secret laws" permitting discrimination against the mentally ill.[4]

After Dr. Reuben refused to submit to the ordered psychiatric assessment, he received another letter from the Board, signed by Shepherd, an Assistant Manager in the Case Management Office. The letter indicated that an investigation had been opened for violation of a Board order.[5]

The Board ultimately dismissed the case and did not revoke Dr. Reuben's license.[6] On July 23, 2010, Dr. Reuben filed suit against Goddard, Wynn, Corley, Shepherd, Coffer, Greenberg, Sucher, and the Board. Dr. Reuben seeks $10,000,000 for alleged due process violations based on vague charges, false charges, failure to provide a copy of the complaint letter, and unprofessional medical opinions.

---

[3]*Id.* at 8.

[4]*Id.* at 20.

[5]*Id.* at 12.

[6]Doc. 1 at 11.

Dr. Reuben also asserts claims for violation of the Americans with Disabilities Act ("ADA") and abuse of a protected person.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[7] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[9] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[12] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of

---

[7]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[8]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[9]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[10]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[11]*Id.*

[12]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

entitlement to relief.'"[13] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[14]

## IV. DISCUSSION

### A. Dr. Reuben's Complaint Does Not Satisfy the Federal Pleading Standard

#### 1. Dr. Reuben's Due Process Claim is Deficient

A plaintiff's complaint must state a cognizable legal theory.[15] Dr. Reuben's complaint does not do so. His asserted due process violations are conclusory.[16] Moreover, the Due Process Clause of the Fourteenth Amendment requires a deprivation of "life, liberty, or property."[17] Dr. Reuben has not pled facts supporting such a deprivation.

Dr. Reuben has not pled specific conduct on the part of the defendants that would allow the court to draw a reasonable inference that defendants are liable for the violations alleged. For instance, Dr. Reuben has not pled any conduct whatsoever on the part of Shepherd. Shepherd did author one letter to Dr. Reuben, which was attached to the complaint and indicated that the Board would be investigating Dr. Reuben's failure to submit to psychiatric assessment. It is unclear how Shepherd's conduct was at all improper.

---

[13] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[14] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[15] *Balistreri*, 901 F.2d at 699.

[16] *Lee*, 250 F.3d at 679.

[17] U.S. Const. amend XIV, § 1.

Similarly, no conduct is alleged on the part of Greenberg or Sucher. Although the Board ordered Dr. Reuben to undergo a psychiatric assessment at their office, Dr. Reuben never made an appointment. Dr. Reuben maintains that he believed that Greenberg and Sucher were psychiatrists.[18] Dr. Reuben's belief does not give rise to a legal claim. Dr. Reuben also contends that Greenberg and Sucher "owed him a doctor-patient duty to inform him of the fact that they were not psychiatrists."[19] Even if the law imposed such a duty, Dr. Reuben was never a patient of theirs.

**2. Dr. Reuben's ADA Claim is Vague, Conclusory, and Unsupported**

Dr. Reuben also claims that the defendants' conduct violated the ADA. The facts alleged in his complaint, however, do not raise Dr. Reuben's prospect of relief beyond the speculative level. Dr. Reuben's complaint does not include citation to a single section of the ADA, and its only reference is in the caption.

**3. Leave to Amend**

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[20] Plaintiff has not requested leave to amend, and the court is highly skeptical that additional facts will cure the complaint's deficiencies. However,

---

[18]Doc. 33 at 2.

[19]*Id.* at 3.

[20]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

Dr. Reuben is proceeding *pro se*, and a "court should freely give leave [to amend] when justice so requires."[21]

**B. The Arizona Medical Board is Not a Proper Defendant**

The Board argues that it is an entity that cannot be sued. The court agrees. "There are governmental administrative agencies which can sue and be sued."[22] The Board is a governmental administrative agency, but it does not have that authority. Although § 32-1453 permits judicial review of Board actions, no section gives the Board the power to sue or be sued as a legal entity.[23] Without such authority, the Board is not a proper defendant.[24]

**C. Arizona's Notice of Claim Statute is Inapplicable to Dr. Reuben's Federal Claims**

Defendants Goddard, Wynn, Shepherd, and Coffer move for dismissal on the alternative ground that Dr. Reuben did not comply with Arizona's notice of claim statute. Section 12-821.01 requires that any person with a claim against a public employee must file notice of that claim with the public employee within 180 days of the claim's accrual.[25]

---

[21]Fed. R. Civ. P. 15(a)(2).

[22]*Kimball v. Shofsall*, 494 P.2d 1357, 1359 (Ariz. Ct. App. 1972).

[23]*See* A.R.S. §§ 32-1401–1491.

[24]*Cf. Kimball*, 494 P.2d at 1359.

[25]A.R.S. § 12-821.01(A).

The notice of claim requirement only applies to state law claims.[26] Dr. Reuben has not pled any state law claims.

**D. Voluntary Dismissal of Defendant Corley**

Federal Rule 41(a) provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[27] Although the proper vehicle is a notice of dismissal–not a motion–it is clear that Dr. Reuben intended to dismiss Corley as a defendant.[28]

## V. CONCLUSION

For the foregoing reasons, defendants' motions at dockets 10 and 28 to dismiss the claims against Goddard, Wynn, Shepherd, Coffer, Greenberg, and Sucher are **GRANTED**, and the claims are **DISMISSED** without prejudice to an amended complaint. Any amended complaint must be filed within 14 days of this order.

Defendant Arizona Medical Board's motion at docket 11 to dismiss the claims against it is **GRANTED**, and the claims against the Arizona Medical Board are **DISMISSED**.

---

[26]*See Nored v. City of Tempe*, 614 F. Supp. 2d 991, 998 (D. Ariz. 2008) (dismissing plaintiff's state law claims for failing to comply with § 12-821.01 while leaving plaintiff's federal claim intact).

[27]Fed R. Civ. P. 41(a)(1)(A)(I).

[28]*See* doc. 16.

Defendants' motion at docket 12, to dismiss the claims against Goddard, Wynn, Shepherd, and Coffer for failure to comply with Arizona's notice of claim statute is **DENIED**.

Plaintiff's motion at docket 16 to dismiss defendant Corley is construed as a notice of dismissal pursuant to Federal Rule 41(a)(1)(I). The Clerk will please terminate Kenyada Corley as a defendant.

DATED this 18th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE