**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| HOWARD J. REUBEN, ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-01617 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| ) | [Re: Motion at Docket 50] |
| TERRY GODDARD and LISA WYNN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 50, defendants Terry Goddard and Lisa Wynn move to dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  At docket 51, plaintiff Howard Reuben opposes the motion.  Defendants did not reply.  Oral argument was not requested and  would not assist the court.

## II.  BACKGROUND

For purposes of this Rule 12(b)(6) motion, the background facts are taken from Mr. Reuben's amended complaint and are construed in the light most favorable to Mr. Reuben. This action arises from a citizen's letter of complaint filed with the Arizona

Medical Board in December 2009 concerning Howard Reuben in his capacity as a medical doctor.  The letter stated in pertinent part that Dr. Reuben "demonstrated mental health issues."[1]  On January 9, 2010, Dr. Reuben met with Lisa Wynn, Executive Director of the Arizona Medical Board, and requested a copy of the letter of complaint.  Ms. Wynn refused to provide a copy.  A few days later Dr. Reuben received a letter from Ms. Wynn stating that he was also accused of having "threatened a third party."[2]  Dr. Reuben later learned that there was no evidence of a threat or a third party.  Attorney General Terry Goddard subsequently concluded that Ms. Wynn's actions were "legitimate legal practice."[3]  The Arizona Medical Board did not revoke or suspend Dr. Reuben's medical license, and eventually dismissed the complaint against him.

On February 25, 2011, Dr. Reuben filed an amended complaint against Ms. Wynn and Mr. Goddard alleging that they violated the Americans with Disabilities Act ("ADA").  The amended complaint alleges that Ms. Wynn's actions would have been illegal if Dr. Reuben had been recognized as a protected person under the ADA.  The amended complaint further alleges that Dr. Reuben should have been considered protected by the ADA the "instant he received documentation" of the charge made by an agency of the State of Arizona that he has "mental health issues."[4]

--------

[1]Doc. 41 at p. 3.

[2]*Id.*

[3]*Id.* at p. 4.

[4]*Id.* at 6.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[5]  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[6]  "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."[7]  To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual

---

[5]*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[6]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[7]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8]*Al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[9]*Iqbal*, 129 S.Ct. at 1949.

[10]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[11]*Id.* (quoting *Twombly*, 550 U.S. at 557).

content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[12]

## IV.  DISCUSSION

Defendants Goddard and Wynn move to dismiss Dr. Reuben's amended complaint on the grounds that 1) Goddard and Wynn are not subject to suit under the Americans with Disabilities Act ("ADA"), and 2) the amended complaint fails to allege a plausible violation of the ADA.  Both grounds have merit.

The ADA prohibits discrimination on the basis of disability by employers,[13] public entities,[14] and public accommodations.[15]  Here, although the amended complaint does not cite a particular provision of the ADA, it appears Dr. Reuben is attempting to allege a claim under Title II of the ADA, which provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.[16]

Title II of the ADA "applies only to public entities."[17]  Consequently, Mr. Goddard and Ms. Wynn are not subject to suit under Title II of the ADA.

---

[12] *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

[13] 42 U.S.C. § 12112.

[14] 42 U.S.C. § 12132.

[15] 42 U.S.C. § 12182.

[16] 42 U.S.C. § 12132.

[17] *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Moreover, the amended complaint fails to allege a violation of Title II of the ADA. "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability."[18] Citing 42 U.S.C. § 12102(1)(C), Dr. Reuben contends that he is an individual with a disability because he was "regarded as having a mental impairment." Under the ADA,

> An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.[19]

Dr. Reuben fails to meet the requirement of "being regarded as having a mental impairment" because he has failed to establish that he has been subjected to an action prohibited under the ADA.

In addition, Dr. Reuben's amended complaint fails to allege any facts showing that he was discriminated against with regard to a public entity's services, or that such discrimination was by reason of being regarded as having a mental impairment. Because defendants Goddard and Wynn are not subject to suit under Title II of the ADA, and the amended complaint fails to allege sufficient facts to allege a violation of Title II of the ADA, the amended complaint fails to state a claim upon which relief may be granted against defendants Goddard and Wynn.

---

[18] *Lovell*, 303 F.3d at 1052.

[19] 42 U.S.C. § 12102(3)(A).

## V.  CONCLUSION

For the reasons set out above, defendants' motion at docket 50 to dismiss plaintiff's amended complaint is **GRANTED**, and plaintiff's amended complaint is **DISMISSED**.

DATED this 1st day of April 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE